IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,910-01






EX PARTE FREDDIE JAMES RINES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 05-0243X IN THE 71ST DISTRICT COURT


FROM HARRISON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to thirty-seven years' imprisonment. The Sixth Court of Appeals affirmed his conviction.
Rines v. State, No. 06-06-00041-CR (Tex. App.-Texarkana, delivered Sept. 7, 2006, pet. ref'd). 

 Applicant contends that trial counsel rendered ineffective assistance because he failed to 
interview witnesses, specifically Rosa Mae Jackson and Tesheka Jackson; investigate the scene of
the murder; and request an instruction on manslaughter. He also contends that counsel failed to
object to the following: Janice Mollice's victim-impact statement; the State's closing argument that
the complainant was shot in the back; the State's peremptory strikes; the State's questioning of
Applicant about an inadmissible videotape; the State's misstatement of the law and other improper
jury argument; hearsay testimony from Tesheka Jackson and Kenneth Whaley; perjured testimony
from a State's witness; and the admission of exhibit #17 and photos of the murder scene.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
counsel was deficient and, if so, whether Applicant was prejudiced. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: January 16, 2008

Do not publish